UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNTINGTON INGALLS INC., | No. C 12-05506 DMR |
| Plaintiff, | **ORDER DENYING *EX PARTE* APPLICATION FOR ORDER GRANTING LEAVE TO TAKE EARLY DISCOVERY** |
| v. | |
| JOHN DOE, | |
| Defendant. | |

Plaintiff Huntington Ingalls Inc. ("HII"), a Virginia corporation, moves the court *ex parte* pursuant to Federal Rules of Civil Procedure 26 and 45 for leave to take expedited discovery so that it may unearth the identity of the as-of-yet unnamed defendant ("Defendant") in this action. [Docket No. 5.]

Plaintiff has brought this action against Defendant John Doe seeking declaratory relief, injunctive relief, and recovery of unidentified specific personal property. Plaintiff alleges that it "contracted with a vendor for a project relating to certain of its Property," that "[t]he vendor inadvertently sent the HII Property to John Doe . . . [and that the vendor] attempted to contact John Doe for return of the Property but received no response." (Compl. ¶¶ 6, 7.) Plaintiff further alleges that on or about October 16, 2012, Plaintiff's counsel "contacted an entity located within the Northern District of California to inquire about the Property, and to seek assistance in having the Property returned to HII," and that the "entity indicated that it could not provide any information

1  about the Property without a valid subpoena or other legal process." (Compl. ¶¶ 11, 12.) Plaintiff
2  does not identify the entity to which it refers. Plaintiff also alleges upon information and belief that
3  both the Property and information regarding its status is located within this District. (Compl. ¶¶ 8, 9.)
4      Plaintiff asks the court to grant it expedited discovery to issue a subpoena "to a company
5  located in California that has documents that identify John Doe and confirm the location of the HII
6  property currently in his unlawful possession." (Pl.'s Mot. 1.) Plaintiff notes that time is of the
7  essence because "HII is concerned that John Doe may unlawfully retain, convert or use the property,
8  thereby causing damage to HII." (Pl.'s Mot. 2.) For this reason, Plaintiff requests that the court
9  shorten the time for the recipient of the subpoena to respond to ten days. (Pl.'s Mot. 2.) Plaintiff
10 asserts, without support, that "the only source of the information is the California company to be
11 subpoenaed." (Pl.'s Mot. 3.) Plaintiff does not identify the California company to be subpoenaed.
12     Although in the Ninth Circuit courts disfavor exceptions to the general rules of discovery,
13 *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v.*
14 *Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)), a court will grant a motion for expedited discovery
15 "upon a showing of good cause," *Am. Legalnet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal.
16 2009) (quoting *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D.
17 Cal. 2008)) (quotation marks omitted); *accord Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D.
18 273, 275 (N.D. Cal. 2002), unless the court finds that discovery "would not uncover [the defendants']
19 identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642
20 (citations omitted). Good cause exists where "the need for expedited discovery, in consideration of
21 the administration of justice, outweighs the prejudice to the responding party." *Am. Legalnet, Inc.*,
22 673 F. Supp. 2d at 1066 (quoting *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d at
23 1179) (quotation marks omitted); *accord Semitool, Inc.*, 208 F.R.D. at 276. The court must perform
24 this evaluation in light of "the entirety of the record . . . and [examine] the reasonableness of the
25 request in light of all the surrounding circumstances." *Semitool, Inc.*, 208 F.R.D. at 275 (citation &
26 quotation marks omitted) (emphasis removed); *see Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1067.
27     The court determines that Plaintiff has not shown good cause to partake in expedited
28 discovery, for Plaintiff has provided such a paucity of information that the court cannot begin to

properly analyze the "reasonableness of the request in light of all the surrounding circumstances." In support of its application, Plaintiff cites two cases in which courts granted requests for expedited discovery for information that would help the plaintiffs learn the identities of Doe defendants in copyright infringement cases, arguing that this case presents "similar circumstances." (Pl.'s Mot. 2, citing *Braun v. Doe*, No. 12-cv-3690 YGR (JSC), 2012 WL 3627640 (N.D. Cal. Aug. 21, 2012), *OpenMind Solutions, Inc. v. Does*, No. 11-3311 MEJ, 2011 WL 4715200 (N.D. Cal. Oct. 7, 2011).) In both cases, the plaintiffs sought leave to serve subpoenas on internet service providers to learn the identity of individuals connected to certain internet protocol addresses ("subscribers") associated with alleged downloading of copyrighted material. However, in those cases, the parties requesting leave to take early discovery each presented specific facts regarding the identification of the subscribers, the need for early discovery, and the substance of the actual discovery sought, all of which enabled the courts to evaluate the requests in light of all of the surrounding circumstances. For example, the moving parties each made a prima facie showing of personal jurisdiction over the subscribers. *Braun*, 2012 WL 3627640, at *2; *OpenMind*, 2011 WL 4715200, at *2. They also provided adequately detailed explanations about why, without the requested discovery, they would be unable to identify the Doe defendants. *Braun*, 2012 WL 3627640, at *3; *OpenMind*, 2011 WL 4715200, at *3 (describing plaintiff's exhaustion of all possible means to find the defendants' names, addresses, phone numbers, and email addresses).

Here, Plaintiff has made no such showing. First, while Plaintiff alleges upon information and belief that the Property and information regarding its status is located within this District (Compl. ¶¶ 8, 9), Plaintiff only alleges – again upon information and belief – that Defendant Doe "*may* be located in the Northern District of California." (Compl. ¶ 2) (emphasis added.) The court cannot conclude from this bare allegation that Defendant Doe is a "real person or entity that would be subject to the Court's jurisdiction." *Braun*, 2012 WL 3627640, at *2. Next, although Plaintiff asserts that the California company it seeks to subpoena is "the only source of the information" (Pl.'s Mot. 3) about Doe's identity, the basis for this assertion is unclear. More importantly, Plaintiff does not identify the California company to be subpoenaed, nor does it state what information it seeks to obtain from that company that will, as it claims, identify John Doe and confirm the location of its property in Doe's

3

possession. This information is impossible to discern from Plaintiff's application given that Plaintiff did not submit the proposed subpoena to the court. Instead, Plaintiff notes that it is "prepared to present the form of subpoena to the Court for *in camera* review." (Pl.'s Mot. 2.) But Plaintiff provides no explanation for why *in camera* review of the proposed subpoena is necessary or appropriate. Without this most basic information of what exactly Plaintiff seeks to learn through early discovery, the court is unable to evaluate the possible prejudice to Defendant Doe. Finally, in *Braun* and *OpenMind*, the court imposed safeguards to protect the due process rights of the subscribers. *See Braun*, 2012 WL 3627640, at *4 (providing for a delay in ISP's response time to subpoena so that subscribers could contest the subpoena); *see also OpenMind*, 2011 WL 4715200, at *8-9 (same). Here, Plaintiff has not only not proposed any safeguards of Defendant Doe's due process rights, but it has asked that the court *shorten* the time for the recipient of the subpoena to respond. (Pl.'s Mot. 2.)

In sum, based on the extremely limited record before the court, the court is unable to evaluate whether Plaintiff's need for expedited discovery outweighs the prejudice to Defendant Doe. Accordingly, as Plaintiff has failed to establish good cause for the requested expedited discovery, Plaintiff's application is DENIED.

IT IS SO ORDERED.

Dated: October 31, 2012



_____
DONNA M. RYU
United States Magistrate Judge

4