United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNTINGTON INGALLS INC., | No. C 12-05506 DMR |
| Plaintiff, | **ORDER GRANTING SECOND *EX PARTE* APPLICATION FOR ORDER GRANTING LEAVE TO TAKE EARLY DISCOVERY** |
| v. | |
| JOHN DOE, | |
| Defendant. | |
| _____/ | |

Before the court is Plaintiff Huntington Ingalls Inc.'s ("HII") second *ex parte* application for leave to take expedited discovery pursuant to Federal Rules of Civil Procedure 26 and 45 so that it may unearth the identity of the as-of-yet unnamed defendant in this action. [Docket No. 7.] On October 31, 2012, the court denied Plaintiff's first *ex parte* application for leave to take expedited discovery on the grounds that Plaintiff had not shown good cause, noting that Plaintiff had "provided such a paucity of information that the court [could not] begin to properly analyze the reasonableness of the request in light of all the surrounding circumstances." [Docket No. 6 (Order on First *Ex Parte* Appl.) 2-3 (quotation marks omitted).] In its second *ex parte* application, Plaintiff has provided additional facts regarding its attempts to identify Defendant Doe, its need for early discovery, and the substance of the actual discovery sought. For the reasons below, the court grants Plaintiff's application.

## I. Expedited Discovery

Plaintiff has brought this action against Defendant John Doe seeking declaratory relief, injunctive relief, and recovery of unidentified specific personal property.  Plaintiff alleges that it "contracted with a vendor for a project relating to certain of its Property," and that "[t]he vendor inadvertently sent the HII Property to John Doe." (Compl. ¶¶ 6, 7.)  Once the vendor discovered its mistake, it "attempted to contact John Doe for return of the Property but received no response." (Compl. ¶ 7.)  In the present application, Plaintiff provides additional details about these events.  Specifically, Plaintiff provides evidence that on September 26, 2012, "an employee of the vendor erroneously sent two email messages containing HII Property to the email address projectsetup@gmail.com." (Gildea Decl. ¶ 4, Nov. 8, 2012.)  The owner of that email address is an unknown individual or entity identified in the complaint as John Doe, and the only information Plaintiff knows about Doe is the "projectsetup@gmail.com" email address. (Gildea Decl. ¶¶ 4, 5.)  Defendant Doe has not responded to any requests by Plaintiff or its counsel that he or she return the HII property. (Gildea Decl. ¶ 6.)  Plaintiff alleges that both the Property and information regarding its status is located within this District, based upon its use of publicly-available geolocation technology that revealed that the IP address associated with Doe's email account is located in California. (Compl. ¶¶ 8, 9; Gildea Decl. ¶ 7.)

Since learning of its vendor's mistake, Plaintiff has communicated with Google, which owns and operates Gmail, to seek its assistance in identifying the person associated with the projectsetup@gmail.com address.  Google has indicated to Plaintiff that it has information that will identify Doe and confirm whether the account has been accessed since September 26, 2012, the date Plaintiff's vendor erroneously sent the HII Property to the Gmail email address. (Gildea Decl. ¶ 8.)  Google also has the ability to assist in the return of the Property and to ensure that the Property is not unlawfully retained or converted. (Gildea Decl. ¶ 9.)  However, Google will not provide any information about the email address without a valid subpoena. (Gildea Decl. ¶ 8.)  Therefore, Plaintiff asks the court to grant it expedited discovery to issue a subpoena to Google to obtain Defendant Doe's name and contact information and to learn whether the email account was accessed on or after September 26, 2012. (Gildea Decl. ¶ 10, Ex. A.)  Plaintiff cannot determine Defendant

2

Doe's identity without procuring this information from Google. (Pl.'s Second *Ex Parte* Appl. 3.) Plaintiff notes that if the requested relief is not granted on an expedited basis, it may not be able to recover its property and will suffer irreparable injury. (Gildea Decl. ¶ 12.)

Although in the Ninth Circuit courts disfavor exceptions to the general rules of discovery, *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)), a court will grant a motion for expedited discovery "upon a showing of good cause," *Am. Legalnet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (quoting *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008)) (quotation marks omitted); *accord Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002), unless the court finds that discovery "would not uncover [the defendants'] identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642 (citations omitted). Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1066 (quoting *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d at 1179) (quotation marks omitted); *accord Semitool, Inc.*, 208 F.R.D. at 276. The court must perform this evaluation in light of "the entirety of the record . . . and [examine] the reasonableness of the request in light of all the surrounding circumstances." *Semitool, Inc.*, 208 F.R.D. at 275 (citation & quotation marks omitted) (emphasis removed); *see Am. Legalnet, Inc.*, 673 F. Supp. 2d at 1067.

Plaintiff has shown good cause to partake in limited expedited discovery. First, without issuing a subpoena to Google at this time, Plaintiff will "have no other way to obtain this most basic information," Defendant's identity, without which the lawsuit cannot proceed. *UMG Recordings, Inc. v. Does 1-4*, No. 06-652, 2006 WL 1343597, at *1 (N.D. Cal. Apr. 19, 2006) (not reported in F. Supp.); *accord Diabolic Video Prods., Inc. v. Does 1-2,099*, No. 10-CV-5865, at *4-5 (N.D. Cal. May 31, 2011) (order granting in part motion for leave to take limited discovery prior to Rule 26(f) conference); *Io Group, Inc. v. Does 1-435*, No. 10-4382, at *1 (N.D. Cal. Oct. 15, 2010) (order granting plaintiff's request for leave to take early discovery); *Semitool, Inc.*, 208 F.R.D. at 276. (*Accord* Gildea Decl. ¶ 10.) Furthermore, at this point, a subpoena is the exclusive means by which Plaintiff may take steps to protect its property. Finally, Plaintiff has proposed a procedure to protect

3

Doe's due process rights. Specifically, Plaintiff proposes a timeline for the service and response to the subpoena by which Google and Doe may object to the release of Doe's identifying information. Plaintiff proposes that the court order Google to serve a copy of the subpoena, along with the order granting it leave to serve a subpoena, on Doe within five days of being served. Plaintiff proposes that Doe then have 20 days to challenge the subpoena before Google provides the requested information. The court is satisfied that this procedure will protect Doe's rights.

## II. Conclusion

For the reasons above, the court ORDERS that Plaintiff's Second *Ex Parte* Application for Order Granting Leave to Take Expedited Discovery is GRANTED. It is hereby ORDERED that Plaintiff is allowed to serve immediate discovery on Google by serving a Rule 45 subpoena that seeks information sufficient to identify Defendant Doe, including the registration information for the Gmail address "projectsetup@gmail.com," including names, addresses, telephone numbers, alternate email addresses and any other contact information for the individual to which the email address is registered, and information regarding whether the Gmail address "projectsetup@gmail.com" was accessed on or after September 26, 2012. The subpoena shall include a copy of this order.

It is further ORDERED that Google will have five days from the date of service upon it to serve Defendant Doe with a copy of the subpoena and a copy of this order. Google may serve Defendant Doe using any reasonable means, including written notice sent to the last known address, transmitted either by first-class mail or via overnight service. Google and Defendant Doe each shall have 20 days from the date of service to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If that 20-day period lapses without Defendant Doe or Google contesting the subpoena, Google shall have 5 days to produce to Plaintiff the responsive information.

IT IS SO ORDERED.

Dated: November 21, 2012



_____
DONNA M. RYU
United States Magistrate Judge